UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amity S. Johnson, | Case No. 23-cv-697 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Mitchell Hamline School of Law, | |
| Defendant. | |

This matter is before the Court for review of Plaintiff Amity Johnson's civil complaint, ECF No. 1, and *in forma pauperis* (IFP) application, ECF No. 2, pursuant to 28 U.S.C. § 1915(e).[1]

After review of the IFP application, the Court concludes that Johnson qualifies financially for IFP status. This conclusion, however, does not end the analysis. An IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on

---

[1] Johnson, a resident of New Mexico, originally filed the Complaint in the District of New Mexico. ECF No. 1. The District of New Mexico, however, transferred the action to this District because the Defendant—Mitchell Hamline School of Law—is located in this District and there is no suggestion that any of the factual predicates of the Complaint took place in the District of New Mexico. ECF No. 6; *see* 28 U.S.C. § 1391(b).

appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In this case, Johnson wrote her complaint on what appears to be the 42 U.S.C. § 1983 civil rights template for the District of New Mexico, but Johnson crossed off "42 U.S.C. § 1983" in the case heading. ECF No. 1 at 1. The "cause of action" section is blank. *Id.* at 3. The only factual detail in the Complaint is in response to the prompt to "[b]riefly state the background of [the] case" where Johnson responds: "[t]orture and murder of self, and family, and friends with career-ruining nightmares forever." *Id*. at 2. Although Johnson claims that the matter "involves federal law" and that this Court therefore has federal question jurisdiction "pursuant to 28 U.S.C. § 1331," Johnson cites to no federal law or federal cause of action. *See id*. Thus, upon close review of the Complaint

2

and accompanying exhibits, this Court finds that the Complaint—even when liberally construed—fails to articulate any facts or law from which this Court can discern a valid cause of action. Accordingly, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and the IFP application is denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's IFP Application [ECF No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: April 17, 2023                                          s/ Eric C. Tostrud
                                                                              Eric C. Tostrud
                                                                              United States District Court